UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC,** * | |
| Plaintiff, * | **CASE NO.: 16-3467-LMA-DEK** |
| * | |
| v. * | |
| * | |
| **DOE- 76.107.58.169,** * | |
| Defendant * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## FIRST AMENDMENT TO COMPLAINT

NOW COMES plaintiff, Fathers & Daughters Nevada, LLC ("F&D"), who hereby amends its complaint in this matter as follows:

1.

No responsive pleading to the original complaint has been filed; thus this amendment is as a matter of course under Federal Rule of Civil Procedure 15(a)(1) and leave of court is not required.

2.

This action was filed against an unknown "Doe" defendant. Through investigation and discovery, plaintiff has now ascertained and avers, upon information and belief, that the identity of the person alleged by plaintiff in the original complaint to have infringed plaintiff's copyright is Danny John Ledet, Jr. ("Ledet").

3.

In addition to the allegations in the original complaint, the basis for such averment is also information gathered through subsequent investigation and discovery. Ledet is now, and was at the time of the observed infringement of Plaintiff's Motion Picture, living in the home he owns, which was identified by the ISP as the address for the subscription to Internet Protocol ("IP") address 76.107.58.169 with Ledet as the subscriber. Defendant Ledet indicated in deposition that

his fiancé, who he indicated at the time of his deposition resides in Australia, may have been at his home when certain infringing activity occurred, but denied that she was the infringer. Ledet denied that any other persons stayed at his home during any relevant time.

4.

F&D, through its counsel, deposed Danny Ledet ("Ledet"), the subscriber through ISP Comcast to Internet Protocol ("IP") address 76.107.58.169, on November 3, 2016. Mr. Ledet denied downloading movies or having BitTorrent or any such P2P software on his computer. He testified that he has one computer, which is a desktop (he described it with more specificity). He testified that he checked his computer and does not see any indication of BitTorrent or similar software. He testified he had a password protected wifi for his internet connection in February of this year, with the original "default" password provided by Comcast. He testified that, to his knowledge, no one who knew that password lives nearby. He later added that his fiancé was with him at his house in February of 2016 but she did not use his IP address to download the movies included on the list of observed file-sharing activities produced by plaintiff at the deposition. He testified that he has not seen the movies on the list. He advanced the theory that someone at Comcast could have used his password to hack into his home computer and engage in the infringing activity.

5.

Thereafter, plaintiff's counsel consulted with his client contact who advised that it is extremely unlikely that anyone (either at Comcast or otherwise) would be able to "hack" in a fashion to use Mr. Ledet's IP address for P2P file-sharing activities or would, even if it were possible, take such measures to engage in file-sharing of the titles found to have been shared through Mr. Ledet's IP address, and that more likely than not Mr. Ledet was the infringer.

Nonetheless, out of an abundance of caution, on November 4, 2016 undersigned counsel sent a letter to Ledet's attorney who represented Ledet at the deposition, stating in part:

> We have a strict deadline from the Judge to name and serve a defendant by December 24, 2016, or face dismissal. What I have been given authority to propose is this:
>
> 1. Your client provides, no later than November 23, 2016, either access to or his complete computer identified by him in his deposition for examination by a forensic expert, along with a sworn declaration that such device is, indeed, the computer identified by him in his deposition.
>
> 2. The expert performs the forensic examination, and if there is no evidence of BitTorrent or equivalent P2P file-sharing activities or spoliation, we will dismiss voluntarily.
>
> In the absence of such agreement and negative results on the forensic examination, we have been instructed to name your client as defendant in the referenced copyright infringement lawsuit.

To date, there has been no response and F&D has a reasonable, good-faith basis to name Ledet as the defendant and does so herein.

6.

Danny John Ledet, Jr. is a person of the full age of majority residing in this district, whose address is 206 Cretini Lane, Houma, LA 70363.

7.

Plaintiff hereby amends its original complaint in this matter by substituting "Danny John Ledet, Jr." in every instance in which "DOE-76.107.58.169" or "Defendant" appears in the original complaint. Otherwise, the averments in the original complaint are incorporated herein by reference as if set forth *in extenso*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Danny John Ledet, Jr. as follows:

A. That Danny John Ledet, Jr. be served with the original complaint and this amended complaint and be required to answer or otherwise respond within the delays allowed by law.

B. For entry of permanent injunction enjoining Defendant from directly, indirectly or contributory infringing Plaintiff's rights, including without limitation by using the internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.  And further directing Defendant to destroy all unauthorized copies of Plaintiff's Motion Picture;

C. For entry of permanent injunction enjoining Defendant from using the BitTorrent network to distribute content in violation of U.S. copyright law in furtherance of the BitTorrent economy of piracy;

D. Statutory damages pursuant to 17 U.S.C. § 504;

E. For Plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

F. For such other and further relief as the Court deems proper.

Respectfully submitted,

*s/Patrick H. Patrick*
Patrick H. Patrick #14297 (T.A.)
Pierre V. Miller II #17712
Patrick Miller, LLC
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Facsimile: (504) 527-5456
E-mail: ppatrick@patrickmillerlaw.com
E-mail: pmiller@patrickmillerlaw.com

**PLEASE SERVE ORIGINAL COMPLAINT**
**AND FIRST AMENDMENT TO COMPLAINT**:

Danny John Ledet, Jr.
206 Cretini Lane
Houma, LA 70363